UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _03.13.15_
```

LYNN SHER, *individually and on behalf of all others similarly situated*,

Plaintiffs,

-v-

PORTMARNOCK RESTAURANT CORP. *d/b/a* DESMOND'S STEAKHOUSE AND GRILL, *et al.*,

Defendants.

No. 14-cv-1138 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the attached letter from Plaintiffs, dated March 9, 2015, seeking leave to utilize additional means of circulation to provide Defendants' employees with notice of this action.  IT IS HEREBY ORDERED THAT Defendants shall respond to Plaintiffs' letter by March 17, 2015.

SO ORDERED.

Dated:      March 13, 2015
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

# MEYER SUOZZI

Kieran X. Bastible

Meyer, Suozzi, English & Klein, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Direct Dial: 516-592-5796   Office: 516-741-6565
Fax: 516-741-6706
kbastible@msek.com
www.msek.com

March 9, 2015

**Via Electronic Mail (sullivannysdchambers@nysd.uscourts.gov)**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

Re:   *Sher v. Portmarnock Restaurant Corp.*
*d/b/a Desmond's Steakhouse and Grille, et al.*
Case No.:  14-CV-1138 (RJS)

Dear Judge Sullivan:

We represent plaintiffs Lynn Sher, Tasha Rudolph, Adam Sheer, Michael Christopher Hawtrey, Agnes Colomer and Dan Nyanu (collectively, "Plaintiffs") in the above-referenced action (the "Action"). We submit this letter pursuant to the directive set forth in Your Honor's Order dated December 30, 2014 (Docket # 42), granting conditional certification of this Action as a collective action for purposes of discovery (the "Order"). Therein, you directed, *inter alia*, that ". . . Defendants provide Plaintiffs with a list of all employees who worked for Defendants from two years preceding the filing of the Complaint, February 24, 2012, through the date of this Order. Defendants shall also provide Plaintiffs with those employees' last known addresses, email addresses, and telephone numbers by January 8, 2015. . . " The Order further directed that Plaintiffs ". . .circulate the Notice by mail, email or telephone by January 22, 2015 but if such methods are insufficient, Plaintiffs shall seek leave of Court to utilize additional means of circulation." For the reasons set forth herein, we now request such leave.

Pursuant to the Order, on January 8, 2015, Patrick Carroll, Esq. (counsel for the defendants herein, corporate defendant Portmarnock Restaurant Corp. d/b/a Desmond's Steakhouse & Grill ("Desmond's") and individual defendants Paul Hurley ("Hurley") and Patrick Kelly ("Kelly")) forwarded by e-mail a list of ninety-seven (97) names and addresses of individuals described as current and former Desmond's employees. The list contained the name and address of both Hurley and Kelly, and did

ALBANY
One Commerce Plaza
Suite 1705
Albany, New York 12260
Tel: 518-465-5551 I Fax: 518-465-2033

NEW YORK CITY
1350 Broadway, Suite 501
P.O. Box 822
New York, New York 10018-0026
Tel: 212-239-4999 I Fax: 212-239-1311

WASHINGTON, D.C.
1300 Connecticut Avenue, N.W.
Suite 600
Washington, DC 20036
Tel: 202-496-2103 I Fax: 202-223-0358

Honorable Richard J. Sullivan
March 9, 2015
Page 2

not contain descriptions of the individuals' job classifications, making it impossible for us to determine if these employees fell within the certified class. Mr. Carroll advised in the email forwarding the list that "[w]e are working on telephone numbers and e-mail addresses." Following our review of the list, I emailed Mr. Carroll on January 16th to advise him that we believed the list to be seriously deficient, forwarding by way of example the names of four individuals we believed to have been employed by Desmond's in positions encompassed by the certified class. I followed up with additional email inquiries on January 20th and 23rd regarding: (i) the status of possible additional former employees as per my earlier e-mail; and (ii) additional contact information for the names that had been forwarded

Despite these misgivings, we mailed notice of the lawsuit and consent to joinder to each of the individuals on the forwarded list. To date, we have received nine (9) executed and returned consents, which we will be filing with the Court next week. Additionally, we have received fourteen (14) mailings returned to us as undeliverable by the Post Office.

Additionally, on February 10th we took the deposition of Snezana Rosic (a non-party employee of Desmond's who, according to Mr. Kelly's earlier deposition testimony, was in charge of Desmond's employee time and pay records and payroll). Ms. Rosic testified, *inter alia*, that: (i) she was Desmond's bookkeeper and became in charge of Desmond's payroll records in April, 2013, at around the time Desmond's began to use a payroll processor named the Payroll Group; (ii) the list of employees forwarded to us had been generated by the Payroll Group; and (iii) there are no payroll-related records at Desmond's which predate Desmond's employ of the Payroll Group as its payroll processer. While we have requested the deposition of Mr. Hurley (who, as the result of his sentencing last month in the related criminal proceeding, no longer can claim possible Double Jeopardy concerns), no dates for his deposition have yet been proffered.

On February 25th Mr. Carroll forwarded telephone numbers and/or email addresses for twenty two (22) individuals – including Kelly. This list contains the name of three individuals not on the list forwarded by Mr. Carroll one month earlier (and, thus, had not been mailed notices); and contained no further information for the individuals whose mailings were returned as undeliverable.

We mean no denigration of Mr. Carroll (who has been upstanding throughout) in connection with these matters. However, these developments lead to the inescapable conclusion that Defendants are in blatant violation of the FLSA's recordkeeping regulations (29 CFR Part 516) which, in turn, has prevented us from effectively circulating the Notice to all potential members of the certified class. Additionally, upon information and belief, the New York State Attorney General's Office has a list of former Desmond's employees (which it intends to use to disburse funds deposited with that

Honorable Richard J. Sullivan
March 9, 2015
Page 3


Agency in connection with the settlement of the criminal proceeding), many of whom are <u>not</u> on the list provided to us by Mr. Carroll on behalf of his clients.

We are presently in the process of issuing a subpoena to ADP (identified by Ms. Rosic as Desmond's former payroll processer), for any relevant records in its possession.  However, we respectfully request a conference, either in telephone or in person, to discuss the need for additional methods of service of the Notice in light of Defendants' disregard of their recordkeeping duties.  We would expect the possible alternative methods of service to be discussed to include, among others: (i) publication of the Notice, either in newspapers, stand-alone website, and/or dedicated social media pages; and (ii) hard-copy posting in Desmond's itself.

We look forward to further discussing these issues with the Court at its convenience.  Thank You.

Respectfully submitted,

Kieran X. Bastible

KXB
cc:  Patrick Carroll Esq. (via e-mail (patrick.carroll.law@gmail.com))

1043647